**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROBERT J. SNOOK,**

                                    Case No. 07-14270

       **Plaintiff,**                 Hon. Victoria A. Roberts

**v.**

**COUNTY OF OAKLAND ET AL,**

       **Defendants.**

_____

### ORDER

**I.   INTRODUCTION**

This matter is before the Court on Defendants' Motion to Determine Witness Fee for Medical Deposition [Doc. #44]. Plaintiffs filed an Answer and a Motion to Quash or Modify a Subpoena [Doc. #47]. Fernando Diaz, M.D. also filed an Answer. For the reasons below, the Court GRANTS both Motions.

**II.   BACKGROUND**

Plaintiff seeks damages for personal injuries he allegedly suffered at the Oakland County Jail on October 8, 2005. Prior to and as a result of this incident, Plaintiff treated with Dr. Fernando Diaz of the Michigan Head and Spine Institute. On or about February 12, 2009, Plaintiff underwent spinal surgery.

On February 20, 2009, this Court entered an Order [Doc. #43] requiring Plaintiff to execute appropriate medical releases for Defendants to obtain his surgical and

1

medical records from Beaumont Hospital and Dr. Diaz, and to obtain a report from Dr. Diaz for defense counsel.  The Court also extended the discovery period through March 31, 2009, to allow the parties to obtain additional medical discovery.

Defendants seek to depose Dr. Diaz regarding his treatment of Plaintiff.  The scheduled deposition date is March 31, 2009.  Dr. Diaz charges a fee of $1,500.00 an hour for depositions or $2,000.00 an hour for video depositions.  He also charges $375.00 for each 15 minutes or less should the deposition exceed one hour.  Dr. Diaz requires that the initial one-hour fee be paid seven days in advance of the deposition.

Defendants dispute Dr. Diaz's proposed fee schedule.  Defendants contend that Dr. Diaz is a treating physician and should be treated as a fact witness and paid only $40.00.  Defendants say that even if Dr. Diaz is entitled to an expert witness fee for his deposition testimony, his proposed fee of $1,500.00 per hour is unreasonable.  Defendants argue that other area experts charge no more than $750.00 per hour.  Defendants say they are willing to pay Dr. Diaz $750.00 to resolve the dispute.

Plaintiff and Dr. Diaz say that Dr. Diaz is a highly qualified expert who should be paid his usual and customary fee.  They note that Dr. Diaz's curriculum vitae is 122 pages long, and that he is a prominent and renowned surgeon who holds five degrees.  Plaintiff and Dr. Diaz argue that he is not similarly qualified to the physicians cited by Defendants who charge lower hourly rates for depositions.  Plaintiff and Dr. Diaz say that comparable neurosurgeons charge from $1,000.00 to $3,300.00 per hour for depositions, and up to $4,000.00 per hour for video depositions.  They also say that requiring Dr. Diaz to comply with the express terms of the subpoena will result in an unfair denial of his right to his intellectual property resulting from his many years of

training, extensive education and experience. Plaintiff and Dr. Diaz ask the Court to quash or modify the subpoena.

### III.  ANALYSIS

#### A. Plaintiff's Treating Physician is Entitled to an Expert Witness Fee

The scope and limits of discovery are governed by Fed. R. Civ. P. 26(b). On experts' trial preparation, the rule provides: "Unless manifest injustice would result, the court must require that the party seeking discovery: (I) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions." Fed. R. Civ. P. 26(b)(4)(C). "Ideally, [Rule 26] seeks to calibrate the fee so that plaintiffs will not be hampered in efforts to hire quality experts, while defendants will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Hurst v. United States*, 123 F.R.D. 319, 320 (D. S.D. 1988).

Defendants argue that the compensation to be paid to treating doctors is $40.00 for attendance at trial or deposition. See 28 U.S.C. §1821(b). Defendants cite *Another Step Forward and The Healing Place of Detroit, Inc. v. State Farm Mutual*, 2007 U.S. Dist. LEXIS 90836 (2007) for the proposition that treating doctors are fact witnesses and not entitled to an expert fee for a deposition.

In *Another Step Forward*, the Magistrate Judge ruled that the defendant was only required to pay plaintiff's treating physician the witness fee set forth in 18 U.S.C. § 1821(b). Citing *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 197 (N.D. Ohio 1998), the Magistrate noted that treating physicians are not expert witnesses merely by virtue of

their expertise in their respective fields, and thus cannot rely on Fed. R. Civ. P. 26(b)(4)(C) to claim they are entitled to more than other witnesses would receive for their attendance and testimony. Because defense counsel did not intend to seek expert opinion or intellectual property testimony, the treating physician was only entitled to the statutory witness fee. However, the Magistrate stated that if the deposition was used at trial, the issue could be revisited and a reasonable fee set by the court.

By contrast, in *Lamere v. New York State Office for the Aging*, 2004 U.S. Dist. LEXIS 13217(N.D. New York 2004), cited by Plaintiff, the Court affirmed a Magistrate's Judge ruling that required the defendants to pay the plaintiff's treating physician an expert witness fee. As the court explained:

> [T]he critical factor in determining whether a witness is entitled to a reasonable fee is the substance of the testimony. Thus, for example, a physician testifying to whether a clamp was left in a patient during surgery or whether the assailant in a battery case was wearing a blue shirt, would not be expert testimony and the physician would not be entitled to a reasonable fee. If the treating physician's testimony is limited to pure observation, an explanation of treatment notes, etc., then the physician may properly be characterized as a fact witness and receive nothing more than the statutory witness fee. If, however, testimony is elicited that reasonably may be considered to be opinions based on specialized skill and knowledge that fall within Fed. R. Evid. 702, then the physician may properly be characterized as an expert witness and is entitled to a reasonable fee for time spent in responding to discovery.

Because the questions asked by defendants could reasonably be interpreted as calling for opinion testimony that only a physician could give, the *Lamere* court ruled the treating physician was entitled to an expert witness fee.

The Court finds that this case is a hybrid of *Another Step Forward* and *Lamere*. While it is unclear whether the plaintiff in *Another Step Forward* identified her treating physician as an expert, in *Lamere*, the plaintiff did not identify her treating physician as

4

an expert and did not specifically retain any experts for the litigation. However, that did not preclude the court from finding that her treating physician qualified as an expert.

Plaintiff holds Dr. Diaz out as an expert. His report of December 15, 2008 gives an opinion regarding the source of Plaintiff's injuries. Plaintiff also indicated in his witness list that Dr. Diaz may be called to give opinion testimony. Accordingly, the Federal Rules require that Dr. Diaz be treated as an expert witness. Defendants say they only recently became aware of Plaintiff's back surgery and now have to depose Dr. Diaz to learn more about his treatment and care of Plaintiff. And, Defendants admit that based upon Dr. Diaz's report, he will likely offer testimony that Plaintiff's recent back surgery is related to the October 8, 2005 incident which is the subject of this lawsuit. The Court finds that in all likelihood, Dr. Diaz will be asked questions that require opinions based on his specialized skill and knowledge. For this testimony, he is entitled to a reasonable expert witness fee.

### B. Reasonableness of Expert Witness Fee

Defendants argue that Dr. Diaz' requested witness fee of $1,500.00 per hour for non-video depositions and $2,000.00 per hour for video depositions is unreasonable. They also argue that Dr. Diaz provided no legal justification for charging a higher fee for a video deposition or for requiring pre-payment of the deposition fee. Defendants cite *Barrett v. Nextel*, 2006 U.S. Dist. LEXIS 10262 (E.D. Mich. 2006) and *Craft v. Allstate*, 2008 U.S. Dist. LEXIS 42393 (E.D. Mich. 2008), both unpublished, in support of their contention. Plaintiff and Dr. Diaz say his usual and customary deposition fee is reasonable.

In *Barrett*, the court ruled that the plaintiff's treating physician was entitled to a

5

reasonable expert witness fee where plaintiff obtained and produced the doctor's report to defendants, and indicated in answers to interrogatories that the doctor was an expert. The court concluded that the doctor's normal hourly rate of $150 was a reasonable fee, plus one hour to prepare for the deposition.

Similarly, in *Craft*, a fee dispute arose when defendant sought to depose a neuropsychologist who examined the plaintiff. The neuropsychologist stated a flat fee of $800.00. Defendant agreed to pay $100.00 per hour, her hourly rate for work as a case manager. Recognizing that many experts charge more for the inconvenience in rearranging schedules and the added intensity involved in giving deposition testimony, the court concluded a reasonable fee was $200.00 per hour, plus $110.00 per hour for reasonable preparation and travel time.

In this district, an expert's regular hourly rate for professional services is presumptively a reasonable hourly rate for deposition. *Barrett,* 2006 U.S. Dist. LEXIS 10262 at 5; see also *Mathis v. NYNEX*, 165 F.R.D. 23 (E.D. N.Y. 1996).

In addition, in determining whether a requested expert fee is "reasonable," courts generally consider the following factors: (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Goldwater v. Postmaster Gen'l of the United States*, 136 F.R.D. 337, 340 (D. Conn. 1991). In addition, courts look to (1) the fee actually charged to the party who retained the expert; and (2) fees traditionally

charged by the expert on related matters. *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 496 (S.D. Iowa 1992).

The Court cannot determine a reasonable fee at this time. The parties have not provided information regarding Dr. Diaz's normal hourly rate, nor have they provided sufficient information concerning the fee charged by Dr. Diaz to Plaintiff, or the rationale for the extra video deposition fee, or the advance payment requirement.

### IV.  CONCLUSION

The deposition subpoena is modified to provide that Dr. Diaz is entitled to a reasonable expert witness fee. Unless the parties otherwise agree, that determination will be made by the Court when the parties supplement and provide information concerning: (1) Dr. Diaz's regular hourly rate for professional services; (2) the fee charged to Plaintiff; (3) the amount of time spent for preparation; (4) the actual amount of time spent in deposition; and (5) travel time, if any.

**IT IS ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  March 31, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 31, 2009.

s/Linda Vertriest
Deputy Clerk

---