UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. SNOOK,

                Plaintiff,

v.

OAKLAND COUNTY DEPUTY SHERIFF T. LOREY,
OAKLAND COUNTY DEPUTY SHERIFF R. MEZA,
OAKLAND COUNTY DEPUTY SHERIFF MOERSCHELL,
and OAKLAND COUNTY DEPUTY SHERIFF HUBBLE,
individually and in their official capacities,

                Defendants.

_____/

Case No. 07-14270

Hon. Victoria A. Roberts

**ORDER DENYING MOTION TO COMPEL EXECUTION OF
AUTHORIZATIONS AND FOR DISCOVERY SANCTIONS**

**I.      INTRODUCTION**

This matter is before the Court on Defendants' Motion to Compel Execution of

Authorizations and for Discovery Sanctions [Doc. #45].  Plaintiffs filed an Answer.  The

Court **DENIES** the Motion.

**II.     BACKGROUND**

Plaintiff seeks damages for personal injuries he allegedly suffered on October 8,

2005, at the hands of four sheriff deputies – T. Lorey, R. Meza, Moerschell, and Hubble

-- at the Oakland County Jail.  He sues them individually and in their official capacities.

The parties agreed to dismiss the County of Oakland and it is no longer a defendant.

On February 2, 2009, Defendants filed a Motion to Strike Aaron Westrick as

Plaintiff's Expert Witness and to Compel Executions of Authorizations [Doc. #39]; they

1

sought records from Nu-Life Renaissance Ambulatory Center ("Nu-Life"), Maplegrove
Center ("Maplegrove") and doctors Oppat and Rosenberg.  On February 5, 2009, this
Court entered an Order [Doc. #40]  requiring Plaintiff to immediately sign all requested
medical authorizations.  That Order provided that failure to comply would result in the
imposition of sanctions.

On March 5, 2009, Defendants filed this Motion to Compel Execution of
Authorizations and for Discovery Sanctions.  They say Plaintiff did not execute
authorizations for Nu-Life and Maplegrove, as required by the February 5, 2009 Order.
Defendants also say that after entry of the Order, they requested additional medical
records of Havenwyck Hospital and Beaumont Hospital - Royal Oak, through Record
Deposition Service.  Defendants say those record requests also were ignored.

Defendants ask the Court to impose sanctions of $1,500.00 due to Plaintiff's
discovery violations and to extend the medical discovery deadline.

III.   **ANALYSIS**

   **A. Medical Authorizations**

The parties agree that all requested authorizations have been signed and
returned to Defendants.  Therefore, this issue is moot.

   **B. Sanctions**

Rule 37 governs motions to compel discovery and sanctions for failure to make
disclosures or cooperate in discovery:

> If the motion is granted--or if the disclosure or requested discovery is provided
> after the motion was filed--the court must, after giving an opportunity to be heard,
> require the party or deponent whose conduct necessitated the motion, the party
> or attorney advising that conduct, or both to pay the movant's reasonable

2

expenses incurred in making the motion, including attorney's fees. But the court
must not order this payment if:

> (I) the movant filed the motion before attempting in good faith to obtain the
> disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was
> substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  In addition to requiring payment of reasonable expenses,
including attorney's fees, caused by the failure, sanctions may include any of the actions
authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of the rule. Fed.
R. Civ. P. 37(c)(1).

28 U.S.C.S. § 1927 also authorizes a court to assess fees and costs against any
counsel who multiplies the proceedings in any case unreasonably and vexatiously.  A
finding of bad faith is not required. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th
Cir. 1986).  An award under § 1927 is discretionary. *Runfola & Assocs. v. Spectrum
Reporting II*, 88 F.3d 368 (6th Cir. 1996).

Plaintiff's counsel says that Plaintiff suffers from a closed head injury which
makes it difficult for him to understand the importance of timely signing and returning
medical authorizations.  Still, he says that Plaintiff provided all authorizations to
Defendants and that their request for sanctions is simply vindictive.  Plaintiff adds that
Defendants have ample time to obtain the requested records before the end of
discovery.  He says Defendants have not been hampered in any way, nor have they
been denied their ability to prepare for trial.

Defendants say Plaintiff's conduct demonstrates a pattern of ignoring discovery

3

matters. They say Plaintiff supplied the requested authorizations only after they filed this Motion and on the eve of having to file a response.  Defendants say they were forced to file eight motions during the discovery process, all of which were resolved by stipulation after a Motion was filed.  Defendants reject Plaintiff's claim of a closed head injury; they say the evidence does not support such a conclusion.  Defendants seek attorney fees and costs of $1,500.00 for Plaintiff's violations of discovery and this Court's Order.

The Court has "wide discretion" to determine the amount of sanctions to impose. *See Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996).  To determine if requested fees are reasonable, the court may employ the "lodestar" approach.  See *Bodenhamer Bldg. Corp. v. Architectural Research Corp*, 989 F.2d 213, 221 (6th Cir. 1993).  "The most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  To be reasonable, these rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 896 n.11 (1984).  They cannot "exceed the market rates necessary to encourage competent lawyers to undertake the representation in question." *Couter v. State of Tenn.*, 805 F.2d 146, 149 (6th Cir. 1986).

This amount can be adjusted upward or downward based on various factors. *See J.B. Hunt Transport, Inc. v. Adams*, 2008 WL 126595 at *1 (E.D. Mich. Jan. 14, 2008) (citing *Hensley*, 461 U.S. at 430 n.3):

> Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other

4

matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.

But, many of these factors are subsumed within the lodestar calculation. *See Hensley*, 461 U.S. at 434.

Defendants offer no information to support the amount of time expended on their discovery motions or how they arrived at the $1,500 amount for sanctions. Moreover, the Court's Order provided that failure to comply would result in the imposition of sanctions. The parties agree that Plaintiff complied and all medical authorizations were signed, albeit belatedly. Therefore, the Court's purpose in entering the Order has been accomplished.

## IV.    CONCLUSION

The Court **DENIES** Defendants' Motion to Compel Execution of Authorizations and for Discovery Sanctions.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 19, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 19, 2009.

s/Linda Vertriest
Deputy Clerk

5